**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

JERRY ALLEN CLARK,

        Defendant–Appellant.

No. 08-6198
(D.C. No. 5:07-CR-00213-HE-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Jerry Allen Clark appeals a district court order requiring him to be involuntarily medicated prior to trial. Because Clark has already been involuntarily medicated and deemed competent, we dismiss this interlocutory appeal as moot.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Clark was charged with two counts under 21 U.S.C. § 841(a)(1) for his role in a methamphetamine-distribution conspiracy. On January 28, 2008, the district court found him incompetent to assist in his defense and ordered him committed to a medical facility. The court further ordered the government to provide a report indicating whether Clark was likely to regain competency and whether his release would pose a danger to third parties.

On September 10, 2008, the district court held a second competency hearing to consider the government's report, which recommended involuntarily medicating Clark. The court heard testimony from Clark's treating physician at the Federal Medical Center in Butner, North Carolina. Clark's attorney cross-examined the doctor, asking a number of questions in regard to the second prong of the test established in Sell v. United States, 539 U.S. 166 (2003), for involuntary medication determinations: whether "administration of the drugs is substantially likely to render the defendant competent to stand trial [and] substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense." Id. at 181. The doctor acknowledged that there is not much data on individuals with Clark's condition but testified that his research suggested that medicating Clark was substantially likely to render him competent to stand trial.

Following the second hearing, the district court concluded that the government had satisfied its burden of proving each of the four <u>Sell</u> factors by clear and convincing evidence. The court entered an order placing Clark on a four-month involuntary medication regimen, to be followed by a third competency hearing. Clark then filed a pro se notice of appeal and request for a stay. The district court denied the pro se motion for a stay without prejudice to refiling through counsel.

Acting on Clark's notice of appeal, this court entered a show cause order informing Clark that future filings must be submitted by his counsel. Clark's attorney responded to our show cause order, and we accepted jurisdiction over Clark's interlocutory appeal on October 15, 2008, relying on <u>Sell</u>, 539 U.S. at 176, and <u>United States v. Bradley</u>, 417 F.3d 1107, 1109 n.1 (10th Cir. 2005). In our order, we noted the government's position that Clark's appeal was moot because the medication order had not been stayed.

At no point did Clark move for a stay through counsel, either in this court or in the district court. Clark's opening brief was initially due on February 2, 2009, but Clark's attorney requested and was granted two time extensions. Clark's brief was filed on April 3, 2009. Although it does not concede the issue, it notes that the appeal may be moot.

While this appeal was pending, Clark was medicated in accordance with the district court's order. On May 4, 2009, the district court held a third competency

hearing. It found that Clark "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense" and accordingly set Clark's case for trial.

## II

The government contends that Clark's interlocutory appeal is now moot. We agree. "[W]hen intervening acts destroy a party's legally cognizable interest in the outcome of adjudication, Article III deprives the federal courts of jurisdiction over that party's claim." Moongate Water Co., Inc. v. Dona Ana Mut. Domestic Water Consumers Ass'n, 420 F.3d 1082, 1088 (10th Cir. 2005) (quotation and alterations omitted).

Clark's interlocutory appeal sought to reverse the district court's order authorizing involuntary medication to restore him to competency. Because a stay was not properly requested, the order was carried out and Clark was medicated. As a result, he has been found competent, and the relief Clark sought from this court is no longer available. Thus, his appeal is moot. See United States v. Bracy, 510 F.3d 792, 793 (8th Cir. 2007) (concluding that an interlocutory appeal of an involuntary medication order is moot after post-commitment finding of competence).

**III**

Because we conclude it is moot, we **DISMISS** Clark's interlocutory appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge